**Satnam SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–75506.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed July 31, 2008.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, Kuldip S. Dhariwal, Esq., Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Sharon C. Williams, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Satnam Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Zhang v. Gonzales*, 408 F.3d 1239, 1245 (9th Cir.2005), and deny the petition for review.

The record does not compel the conclusion that the changed circumstances or extraordinary circumstances exceptions excused the untimely filing of Singh's asylum application. *See Ramadan v. Gonzales*, 479 F.3d 646, 648, 657–58 (9th Cir. 2007) (per curiam). Singh's due process contention that the IJ did not consider the extraordinary circumstance exception or the reasonableness of his delay in applying for asylum is unsupported by the record.

Even assuming credibility, substantial evidence supports the IJ's determination that the government rebutted the presumption that it is more likely than not that Singh will suffer future persecution in India through an individualized analysis of changed conditions in India. *See* 8 C.F.R. §§ 1208.16(b)(1)(i)(A), (ii) (government may rebut presumption in withholding of removal cases by showing a fundamental change in circumstances).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence also supports the IJ's determination that Singh has not shown it is more likely than not that he will be tortured if he returns to India. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir.2004).

## PETITION FOR REVIEW DENIED.